UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DAVID PELLETIER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:15-cv-00269-NT |
| | ) | |
| SCOTT LANDRY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDED DECISION AFTER SCREENING COMPLAINT
PURSUANT TO 28 U.S.C. §§ 1915(e), 1915A**

In this action, Plaintiff David Pelletier alleges that Defendants violated his federal rights in connection with a situation involving a female prisoner who was able to gain access to his prison cell.  The encounter allegedly resulted in certain negative consequences for Plaintiff.  Plaintiff evidently also questions the way in which his grievance was resolved.

Plaintiff has been granted leave to proceed in forma pauperis, subject to the payment requirements established in 28 U.S.C. § 1915(b)(1).  (ECF No. 8.)   In accordance with 28 U.S.C. §§ 1915 and 1915A, a preliminary review of Plaintiff's complaint is appropriate.  Following the review, I recommend that the Court dismiss Plaintiff's complaint without service of process.

**BACKGROUND**

The facts set forth herein are derived from Plaintiff's Complaint, which facts are deemed true for purposes of this recommended decision.[1]  *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 16 (1st Cir. 1998).

---

[1] The reference to the facts as alleged should not be construed as a determination that the alleged facts are accurate. The alleged facts are recited in the context of the standard of review for a motion to dismiss.

According to Plaintiff, he began his period of incarceration on January 8, 2015. (Complaint ¶ 30.) On April 11, 2015, a female prisoner entered his cell and removed her clothes. (*Id.* ¶¶ 16, 26, 28.) As alleged, Plaintiff had consensual sexual relations with the woman in his cell. (*Id.* ¶ 31.) Plaintiff did not use a condom because condoms are not available for purchase at the Maine Correctional Center. (*Id.* ¶ 32.) Plaintiff apparently is concerned that he "may or may not have an STD." (*Id.* ¶ 34.) Evidently, the encounter was discovered eventually, because Plaintiff spent three days in segregation. (*Id.* ¶ 39.)

Plaintiff asserts that Defendants were grossly negligent. (*Id.* ¶ 35.) In order for the woman to access his cell, Plaintiff states, she would have bypassed the "P door" that separates the unit she was in from the unit he was in, which door is always to remain locked except in the case of an emergency. (*Id.* ¶ 21.) Additionally, she would have passed through an area directly in view of the officer control room and would have been observed had the officers on duty been "actively maintaining order, care, custody and control." (*Id.* ¶ 25.) Plaintiff alleges that his subsequent grievance activity was not handled properly. (*Id.* ¶¶ 43 – 49.)

## STANDARD OF REVIEW

When a party is proceeding in forma pauperis, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under 28 U.S.C. § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

In addition to the review contemplated by § 1915, because Plaintiff currently is incarcerated and seeks redress from a governmental entity and its officers, Plaintiff's complaint is subject to screening under 28 U.S.C. § 1915A. The § 1915A screening requires a court to "identify

cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim …; or (2) seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

### DISCUSSION

As the Supreme Court has observed, "[d]etermining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

Preliminarily, Plaintiff's claim does not implicate a liberty interest that the state is not permitted to restrict as a consequence of incarceration.  "[W]hile persons imprisoned for crime enjoy many protections of the Constitution, it is also clear that imprisonment carries with it the circumscription or loss of many significant rights." *Hudson v. Palmer*, 468 U.S. 517, 524 (1984). "These constraints on inmates, and in some cases the complete withdrawal of certain rights, are justified by the considerations underlying our penal system." *Id.* (internal quotation marks omitted).

To the extent Plaintiff claims the unavailability of condoms in the prison constitutes the basis for a federal claim, Plaintiff's claim fails.  While the Supreme Court has held that it is unconstitutional for a state to restrict the availability of contraceptives for free adults based on the liberty interest in "marital" privacy, *Griswold v. Connecticut*, 381 U.S. 479, 486 (1965), this liberty

interest has not been recognized in the prison context.[2]  In fact, persuasive authority supports the conclusion that the interest is not protected against in the prison context.

In *Turner v. Safley*, the Supreme Court explained that "when a prison regulation impinges on inmates' constitutional rights, the regulation is valid if it is reasonably related to legitimate penological interests."  482 U.S. 78, 89 (1987).  Although the Court held that it was unconstitutional for Missouri to ban prisoner marriages under this standard, it noted that the right to marry "is subject to substantial restrictions as a result of incarceration."  *Id.* at 95.  The Court concluded that marriage could not be banned due to the "emotional support and public commitment" and potential "spiritual significance" that the relationship offered prisoners, and due to the availability of government benefits arising from the marital relationship.  *Id.* at 95 – 96.  The Court observed that "most inmates eventually will be released by parole or commutation, and therefore most inmate marriages are formed in the expectation that they ultimately will be fully consummated."  *Id.* at 96.  Implicit in *Turner*, in other words, is the conclusion that it is a rational exercise of police power for a state to prohibit sexual activity among prisoners.  Additionally, in *Hudson v. Palmer*, the Supreme Court held in the context of search and seizure law "that society is not prepared to recognize as legitimate any subjective expectation of privacy that a prisoner might have in his prison cell."  *Hudson*, 468 U.S. at 525 – 26.[3]  To conclude that condoms must be made available in the prison commissary would be inconsistent with this logic.  The lack of

---

[2] The Supreme Court has also identified a right to access contraceptives based on the fundamental right to choose whether to have a child.  *Carey v. Population Servs., Int'l*, 431 U.S. 678, 682 (1977).

[3] "The recognition of privacy rights for prisoners in their individual cells simply cannot be reconciled with the concept of incarceration and the needs and objectives of penal institutions."  *Hudson*, 468 U.S. at 526.

condoms in the prison environment, standing alone,[4] thus does not deprive prisoners of a federal right.[5]

Plaintiff's alternative assertion appears to be that he has a right to be protected by the state from the opportunity to engage in consensual sexual activity.  This claim fails to meet any of the standards that would govern under the Eighth Amendment.[6]

"Undue suffering, unrelated to any legitimate penological purpose, is considered a form of punishment proscribed by the Eighth Amendment."  *Kosilek v. Spencer*, 774 F.3d 63, 82 (1st Cir. 2014) (citing *Estelle v. Gamble,* 429 U.S. 97, 103 (1976)).  The Eighth Amendment thus requires prison officials to provide humane conditions of confinement; ensure that prisoners receive adequate food, clothing, shelter, and medical care; and take reasonable measures to guarantee prisoner safety.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994).  The Eighth Amendment standard is not fixed "but may acquire meaning as public opinion becomes enlightened by a humane justice."  *Hall v. Florida*, 134 S. Ct. 1986, 1992 (2014) (quoting *Weems v. United States*, 217 U.S. 349, 378 (1910)).  Even when one draws all reasonable inference in Plaintiff's favor, Plaintiff's allegations do not invite the inference that he experienced undue suffering, nor do any

---

[4] Due to the harm that can result from unprotected sex in the prison environment, the unavailability of condoms can in some circumstances prove relevant to the analysis of a prisoner claim.  *See Chao v. Ballista*, 772 F. Supp. 2d 337, 351 (D. Mass. 2011) ("Prohibited sex in a prison is rarely 'safe' as the participants may not use prophylaxis in their haste not to get caught.  Condom use often requires negotiation, even in the outside world, but a female inmate with no access to condoms has no bargaining power for safe sex inside the prison walls.  Unwanted pregnancy is particularly traumatic for a female inmate.")

[5] The federal civil rights statute, 42 U.S.C. § 1983, and the Declaratory Judgments Act, 28 U.S.C. §§ 2201 – 2202, both of which are cited by Plaintiff, authorize civil litigation of this kind, but do not themselves prescribe any substantive rights.  The Anti-Injunctions Act, 28 U.S.C. § 2283, also cited by Plaintiff, has no application here. (Complaint, PageID # 2.)

[6] The Eighth Amendment standards are applied to the states via the Fourteenth Amendment.  *Robinson v. California*, 370 U.S. 660, 666 – 67 (1962).

of the circumstances described in Plaintiff's complaint support an argument that the conditions were inhumane.[7]

Finally, to the extent that Plaintiff alleges that Defendants ignored a risk of harm to his health, the Supreme Court has held that prison officials are not liable under an eighth amendment standard absent facts demonstrating at least "deliberate indifference" to a known risk of serious harm.  *Farmer*, 511 U.S. at 828.  To constitute deliberate indifference, "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.* at 837.  Plaintiff has not alleged any facts that could plausibly satisfy the requisite standard as to any of the Defendants.[8]

### CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court dismiss Plaintiff's federal claims without service.  Additionally, because Plaintiff has not alleged an actionable federal claim, it is recommended that the Court decline to exercise supplemental jurisdiction over any state law claim that Plaintiff might have asserted in his complaint.[9]

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. Section 636(b)(1)(B) for which *de novo* review by the district court is

---

[7] Plaintiff does not allege that Defendants compelled Plaintiff to engage in sexual activity, nor do the allegations suggest that the encounter was arranged or otherwise permitted by Defendants.

[8] Plaintiff also complains of the way in which his grievance activity was handled.  However, the grievance procedures on which Plaintiff bases his claim are not dictated by the United States Constitution or federal statute and therefore Defendants' alleged failure to follow them did not deprive Plaintiff of a federal right.  *See Sandin v. Conner*, 515 U.S. 472, 482 – 83 (1995) (requiring a showing of atypical and significant hardship to support recognition of a state-created liberty interest in prison disciplinary proceedings); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of … grievances by persons who otherwise did not cause or participate in [actionable] conduct states no claim.").

[9] Plaintiff alleges negligence.  The only basis for this Court to exercise jurisdiction over that claim would be pursuant to the supplemental jurisdiction statute, 28 U.S.C. § 1367, because the claim does not present a federal question, 28 U.S.C. § 1331, and because the parties are not diverse, 28 U.S.C. § 1332.  The Court may decline the exercise of supplemental jurisdiction when it dismisses the federal claims over which it has original jurisdiction.  28 U.S.C. § 1367(c)(3).

sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.  A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 25th day of August, 2015.